Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

***in pro per***

**FILED**

APR 1 9 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Mark Aussieker,

           Plaintiff,

    v.

DEVALLE DEVELOPMENT LLC
Defendant(s)

No. **2:19-CV-664 MCE KJN PS**

**COMPLAINT FOR DAMAGES**
Trial by Jury not requested

Plaintiff MARK AUSSIEKER ("Plaintiff"), on behalf of himself alleges as follows:

1.    Plaintiff Mark Aussieker ("Plaintiff" or "Mr. Aussieker") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act "TCPA", 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.    Upon information and belief, Defendants have jointly and severally placed telemarketing calls to a telephone number Mr. Aussieker had registered on the national Do Not Call Registry without Mr. Aussiekers consent. As a result, Defendants are liable for those calls.

1

## PARTIES

3.     Plaintiff Mark Aussieker is an individual and resident of the state of California.

4.     Defendant DEVALLE DEVELOPMENT LLC is a Wyoming LLC that registered with secretary of state of California to conduct business in California. DEVALLE DEVELOPMENT LLC is a "person" as defined by 47 US.C. § 153 (39). Will be referred to as "DEVALLE"

## Jurisdiction & Venue

5.     The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6.     Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

8.     This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

## Statutory Background

9.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991,

1  Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2        10.    The national Do Not Call Registry allows consumers to register their telephone

3  numbers and thereby indicate their desire not to receive telephone solicitations at those

4

5  numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored

6  indefinitely, or until the registration is cancelled by the consumer or the telephone number is

7  removed by the database administrator." *Id.*

8        11.    The TCPA and implementing regulations prohibit the initiation of telephone

9  solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47

10  C.F.R. § 64.1200(c)(2).

11

12        12.    A person whose number is on the Registry, and who has received more than

13  one telephone call within any twelve-month period by or on behalf of the same entity in

14  violation of the TCPA, can sue the violator and seek statutory damages.   47 U.S.C. §

15  227(c)(5).

16

17        13.    Any person whose receives a phone call from in violation 47 U.S.C. §

18  227(b)(1) (A)  can sue the violator and seek statutory damages. 47 U.S.C §227(b)(3)(B)

19

20        14.    The following passage cites the code which allows the plaintiff to sue the

21  defendant and seek the statutory damages: 47 U.S.C. § 227(b)(1) (A) to make any call (other

22  than a call made for emergency purposes or made with the prior express consent of the called

23  party) using any automatic telephone dialing system or an artificial or prerecorded voice—

24

25  (iii) to any telephone number assigned to a paging service, cellular telephone service,

26  specialized mobile radio service, or other radio common carrier service, or any service for

27  which the called party is  charged for the call, unless such call is made solely to collect a debt

28

1    owed to or guaranteed by the federal government."

15.      Automatic Telephone Dialing System, which the statute defines as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 USC 227(a)(1). Notwithstanding this limited definition, the Ninth Circuit ruled in Marks v. Crunch San Diego, LLC that an ATDS means more than what the statute says. The question is whether, in order to be an ATDS, a device must dial numbers generated by a random or sequential number generator or if a device can be an ATDS if it merely dials numbers from a stored list."

16.      The Court answered in the affirmative merely that if the dialer dials numbers from a stored list, it is considered an ATDS. Marks decision is now the law of the land in the 9th circuit as of February 19th after the parties settled.

17.      All a plaintiff needs to show is that a call or text message was made using an auto dialer to a number assigned to cellular service, or that the calling party was charged for the call. In this case, plaintiff received a text message on his cellular phone where he was both charged for the call and call was made to a number assigned for cellular service.

18.      The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from thecaller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id* No agreement is in place.

19.      The intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct

20.

4

## Common Allegations of Fact

21.     Plaintiffs phone number 916-705- 8006 is a cellular telephone

22.     Plaintiffs phone number has been on the do not call list since 2003.

23.     One of the newer types of inexpensive marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows for short text messages to be sent from one cell phone to another or from the internet to a cell phone.

24.     An "SMS message" is a text message call[1] directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

25.     Unlike more conventional methods of advertising like mailers or radio ads, SMS messages, and particularly unauthorized messages, invade privacy and actually cost plaintiff money, because he incurs a usage allocation deduction from the total amount of data allowed under his cell phone plan.

26.     Defendants use this new technology to create "mobile alerts," or recurring programs in which text messages are automatically sent en masse to persons within their database.

27.     DEVALLE  holds themselves out to be a wholesaler[2]  and in the business of wholesaling real estate. They advertise on their website that " Our business is strictly

---

[1] The Ninth Circuit in Satterfield noted this technological issue and without further discussion determined that a "call" could include an SMS message. See Satterfield,569 F.3d at 954; see also Joffe, 121 P.3d 831. FCC further clarified In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 F.C.C.R. 14014, 14115 (July 3, 2003) (the "2003 Order"). This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service

[2] http://www.devalledevelopment.com/go/investment-properties/

5

wholesaling those properties to investors who want to keep them for rentals or who want to fix and flip them."[3]

28.     Wholesaling real estate is when an investor puts a home under contract "Ties up" with the intent to assign that contract to another buyer. The wholesaler doesn't plan on fixing up or selling the property. Instead, they market the home to potential buyers for a higher price than they have the property under contract for.

29.     The purchase agreement used by DEVALLE indicates it assigns contracts.

30.     AUGUSTUS promoted a DEVALLE wholesale assignment where he placed a house in Modesto, CA under contract for $45,000 and less than 7 days later, assigned it to another buyer for $17,500 more[4].

31.     AUGUSTUS has promoted the success wholesale deals on his instagram page[5] .

32.     Plaintiff's wife is the undivided fee simple owner of 5803 59th st

33.     Plaintiff's wife is the undivided fee simple owner of 5804 59th st

34.     Plaintiff does not have an ownership interest in either 5803 or 5804 59th st

35.     On April 17th, 2019, Defendant undertook a misguided effort to increase sales by causing the mass transmission of unauthorized text messages advertisements in the form of mobile alerts to the cell phones to property owners whom it hoped could assign purchase agreements.

36.     Plaintiff received two text messages from DEFENDANTS soliciting interest to buy "Kimberlys" house.

37.     DEVALLE proposed to buy Kimberly Aussiekers house for 140K- when the area

---

[3] http://www.devalledevelopment.com/go/investment-properties/
[4] https://www.instagram.com/stories/highlights/18012641134136415/ (re modesto)
[5] https://www.instagram.com/stories/highlights/17885950048259368/

average for similar sized homes is between 219-241K[6]. Plaintiff is informed and believes that DEFENDANT would thereafter sell the contract to another party and keep the m

38.    Recurring mobile alerts are subject to the TCPA and the same regulations promulgated by the FCC as other automated calls or text messages to cellular telephones.

39.    The first text message on April 16th, 2019 sent at 10:22 am from 661-759-8167 read "Hi Kimberly my name is Dianne. Sorry for the random text - your property at 5804 59th St. I wanted to see if you'd consider an offer on it? "?



40.    The second text message on April 16th, 2019 sent at 10:23 am from 661-759-8167 read "Hi Kimberly my name is Dianne. Sorry for the random text - your property at 5803 59th St. I wanted to see if you'd consider an offer on it? "?

---

[6] https://www.zillow.com/homedetails/5803-59th-St-Sacramento-CA-95824/25821005_zpid/

41.    A total of 2 text messages were sent to defendant.

42.    The messages are almost identical and plaintiff infers they originated from the same sender.  The sender has two different area codes and plaintiff infers that the caller id was manipulated.

43.    The sender of text messages displayed phone numbers that have been assigned to VOIP.[7]

44.    Plaintiff is experienced consumer rights advocate and is not aware of any technique whereby a person could send a message practically simultaneously on a device assigned to VOIP service without using an auto dialer when using the definition of an auto dialer from the Marks decision.

45.    Plaintiff infers that due to each text message being customized to display the intended recipients' name (although incorrect) and address, a database of property owners names and addresses was merged in to a "pre recorded message" and the combined result was sent via a mass sms texting service with fake caller id information to hide the true location of the caller.

46.    An auto dialer was used to send the messages so as to cause plaintiff to practically simultaneously receive them.

47.    The caller id was manipulated to which hides the location of calling party and confuse plaintiff.

48.    Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for looking at the text message, decreased battery life, could not listen to music while on the phone, the nuisance of receiving a text message call, feeling aggravated that

---

[7] https://www.nationalpooling.com/

8

1  defendant would attempt to turn plaintiffs cell phone into a billboard to promote defendants

2  business interests.

3      49.    Plaintiff is a motivated in filing this action to collect the reward that congress

authorized him via the private right of action in the TCPA.

CAUSES OF ACTION

## COUNT 1

**(1st and 2nd call made to number on do not call list)** Violation of the Telephone

Consumer Protection Act, 47 U.S.C.

§227(c)(5)(B)

37. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

38. Defendant's own conduct and/or by the fact that others made those calls / texts and

ignoring the Do-Not-Call List, as demonstrated by Defendant's text message calls to

Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d) and,

therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of

$500 for each of the two violations for a total amount $1,000.

39. Defendant's own conduct and/or by the fact that others made those calls on its behalf ,

in failing to check the numbers against a do not call list constitutes a knowing and/or willful

violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and  47 C.F.R.

§64.1200(e).   Plaintiff is entitled to an award of statutory treble damages in the amount of

$3,000 for the two violations.

## COUNT 2

**(1st and 2nd text message made with an auto dialer - Violation of the Telephone**

**Consumer Protection Act, 47 U.S.C.**

**§227(b)(1)(A)(iii)** – Auto Dialer

40. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for each of the two violations for a total amount $1,000.

42. As a result of Defendants admission that the text messages were automatically sent, which constitutes Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a total award of $3,000.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 3

**((1st and 2nd text message with a pre composed messageTelephone Consumer Protection Act, 47 U.S.C.**

**§227(b)(1)(A)(iii)** – Auto Dialer

43. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

44. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a text message to Plaintiff's cell phone with a pre recorded message, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for each of the two violations for a total amount $1,000.

1

45. By meticpi identical messages, it is apparent that the defendant will , which constitutes

2

Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to

3

a total award of $3,000.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B) and

4

47 U.S.C. § 227(b)(3)(C).

5

6

7

PRAYER FOR RELIEF

*Devalle Development, INC*

8

WHEREFORE, Plaintiff requests judgment against ~~MORTGAGE BANK INC, INC~~, for the following:

9

10

    1.    Injunctive relief prohibiting such violations of the TCPA by Defendants in the

11

future.

12

    2.    For an order finding in favor of Plaintiff, on all counts asserted herein;

13

14

    3.    For an order awarding statutory damages to plaintiff in amount of $9,000 as

15

detailed in counts 1, 2 and 3.

16

    4.    Any other relief the court deems proper.

17

Respectfully Submitted this 19th Day of April, 2019.

18

19

Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

20

21

22

23

24

Date of signing: 4-19        , 2019.

Signature of Plaintiff

25

26

Printed Name of Plaintiff    MARK Russieker

27

28

11